UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| RAFAEL LAUREANO JR., as Administrator of the Estate of RAFAEL LAUREANO SR., and RAFAEL LAUREANO JR., individually, | Civil Action No.: 1:15-cv-5311 |

                               Plaintiff,

         -against-                             **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER ERIN      JURY TRIAL DEMANDED
FRAWLEY, SGT JOHN HENDERSON, SGT. GOLDEN,
SGT. CHISHOLM,  DET. LOUIS YERO, and
JOHN AND JANE DOES (1-20), police officers and/or
detective employees of the New York City Police
Department, the identity and number of whom is
presently unknown,

                              Defendants.

------------------------------------------------------------------------X

      Plaintiff, individually and as legal administrator of the Estate of Rafael Laureano Sr., by and through his attorney, ABE GEORGE, ESQ., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil rights claim that arises out of a cause of action that occurred on or around September 29, 2014, in Kings County, City and State of New York wherein members of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") negligently shot and killed decedent RAFAEL LAUREANO SR., attempted to cover up the shooting by fabricating official police reports, and leaked information to the media to blame another civilian for RAFAEL LAUREANO SR.'s death.

2.      Plaintiff seeks to redress the violation of RAFAEL LAUREANO SR.'s civil rights secured to him and his family by the Civil Rights Acts of 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Constitution of the United States, including the Fourth, and the Fourteenth Amendments and by the laws and Constitution of the State of New York. Plaintiff also appends State Law claims to this action.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all claims brought pursuant to the Constitution and laws of the United States.

4.      In addition, Plaintiff further invokes this Court's supplemental jurisdiction, over any state law claims, pursuant to 28 U.S.C. § 1367, because such claims are so related that they form part of the same case or controversy.

5.      Venue is proper because all or substantially all of the events giving rise to the present action occurred within the Eastern District of New York. 28 U.S.C. § 1391(b).

## THE PARTIES

6.      That at the time of his death on September 29, 2014, decedent RAFAEL LAUREANO SR. was a resident of Kings County in the State of New York.

7.      RAFAEL LAUREANO JR. is the biological son of the decedent RAFAEL LAUREANO SR.

8.      RAFAEL LAUREANO JR. is a resident of Kings County.

2

9.      On or around January 14, 2015, prior to the commencement of this action, RAFAEL LAUREANO JR. was appointed Administrator with Letters of Limited Administration of the Estate of RAFAEL LAUREANO SR. by Order of the Honorable Margarita A. Lopez Torres, a Surrogate of the County of Kings.

10.      That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

11.      That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT ("NYPD").

12.      That on or around September 29, 2014, and at all times hereinafter mentioned and upon information and belief, defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, employed POLICE OFFICER ERIN FRAWLEY, SGT JOHN HENDERSON, SGT. GOLDEN, SGT. CHISHOLM, DET. LOUIS YERO, and JOHN AND JANE DOES, New York Police Department officers, which includes any rank and or classification (e.g. sergeants, lieutenants, inspectors etc.) and or detectives, the identity and number of whom is presently unknown, as agents, servants and/or employees (collectively hereinafter "unknown police officers and or detectives").

## NOTICE OF CLAIM

13.      That prior hereto on November 12, 2014, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof was served on the necessary parties.

14.     On March 19, 2015, RAFAEL LAUREANO JR. testified at a statutory 50-H hearing pursuant to the General Municipal Law of the State of New York.

15.     Thereafter, March 19, 2015, the CITY OF NEW YORK refused and/or neglected to make any adjustment or payment thereof to the commencement of this action to date.

16.     This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which these claims arise.


## STATEMENT OF FACTS

### I.   THE SHOOTING AND DEATH OF RAFAEL LAUREANO SR.

17.     Upon information and belief, on or about September 29, 2014, Katarzyna ("a.k.a. Kathy") Russo resided at 820 Ocean Parkway, County of Kings, City and State of New York.

18.     On or about September 29, 2014, RAFAEL LAUREANO SR. was a friend of Kathy Russo.

19.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, Kathy Russo was inside of her apartment at the aforementioned address when she was attacked by her knife wielding ex-boyfriend 47-year-old Francisco Carvajal.

20.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, JOHN AND JANE DOES, unknown police officers and or detectives, responded to a domestic disturbance 911 call outside of the apartment of Kathy Russo.

21.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, RAFAEL LAUREANO SR. was lawfully present outside of Kathy Russo's apartment when JOHN AND JANE DOES, unknown police officers and or detectives, arrived to respond to the domestic disturbance 911 call.

4

22.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, JOHN AND JANE DOES, unknown police officers and or detectives, requested RAFAEL LAUREANO SR. to assist them in breaking down the door of Kathy Russo's apartment.

23.     Upon information and belief, JOHN AND JANE DOES, unknown police officers and or detectives, did not use a police battering ram, or seek the assistance of the Emergency Services Unit of the NYPD to assist them in breaking down Ms. Russo's door.

24.     Upon information and belief, JOHN AND JANE DOES, unknown police officers and or detectives, violated NYPD protocol, and commonly accepted law enforcement practices, by asking RAFAEL LAUREANO SR. for assistance in breaking down the door of Ms. Russo.

25.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, the door to Ms. Russo's apartment was broken down by RAFAEL LAUREANO SR. and he and JOHN AND JANE DOES, unknown police officers and or detectives, entered Ms. Russo's apartment.

26.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, JOHN AND JANE DOES, unknown police officers and or detectives, failed to prevent or prohibit RAFAEL LAUREANO SR. from entering Ms. Russo's apartment.

27.     Upon information and belief, JOHN AND JANE DOES, unknown police officers and or detectives, failed to call in sufficient police personnel to help control the chaotic and frantic domestic violence incident occurring in and around Ms. Russo's apartment.

28.     JOHN AND JANE DOES, unknown police officers and or detectives, failure to prevent or prohibit RAFAEL LAUREANO SR. from entering Ms. Russo's apartment violated NYPD protocol, and commonly accepted law enforcement practices,

29.     RAFAEL LAUREANO SR. would have been alive today if JOHN AND JANE DOES, unknown police officers and or detectives, would have stopped him from entering Ms. Russo's apartment.

30.     Upon information and belief, on or about September 29, 2014, JOHN AND JANE DOES, at approximately 7:20PM, unknown police officers and or detectives, fired numerous shots inside of Ms. Russo's apartment, hitting both perpetrator Francisco Carvajal and Bystander/"Good Samaritan" RAFAEL LAUREANO SR.

31.     Upon information and belief, on or about September 29, 2014, at approximately 7:20PM, inside of the apartment of Kathy Russo, neither perpetrator Francisco Carvajal nor bystander RAFAEL LAUREANO SR. were in possession of firearm(s).

32.     RAFAEL LAUREANO SR. did not have any weapon or dangerous instrument in his possession person during the aforementioned incident.

33.     The only persons with firearms in the aforementioned incident were JOHN AND JANE DOES, unknown police officers and or detectives.

34.     At no time during the events described herein or as the events occurred did the Defendants JOHN AND JANE DOES, unknown police officers and or detectives, have probable cause to discharge their firearms at RAFAEL LAUREANO SR.

35.     Defendants JOHN AND JANE DOES, unknown police officers and or detectives, were not in danger of imminent death or serious physical injury by RAFAEL LAUREANO SR.

36.     Defendants JOHN AND JANE DOES, unknown police officers and or detectives, were not acting in self-defense in shooting and killing RAFAEL LAUREANO SR.

37.     Upon information and belief the aforementioned shooting of RAFAEL LAUREANO SR. was performed without reason or provocation.

38.     On or about September 29, 2014, Francisco Carvajal succumbed to the gunshot wounds sustained at the hands of JOHN AND JANE DOES, unknown police officers and or detectives.

39.     According to medical records RAFAEL LAUREANO SR. was alive when he was removed via ambulance from 820 Ocean Parkway after he was shot.  RAFAEL LAUREANO SR. was later pronounced dead at Maimonides Medical Center.

40.     On or around September 29, 2014, RAFAEL LAUREANO SR. died due to a gunshot wound fired by JOHN AND JANE DOES, unknown police officers or detectives, employed by the NEW YORK CITY POLICE DEPARTMENT.

41.     Maimonides Medical Records from September 29, 2014, corroborate that RAFAEL LAUREANO SR.'s cause of death was a gunshot wound *not* a knife wound.

42.     Upon information and belief JOHN AND JANE DOES, unknown police officers and or detectives, failed to render adequate medical aid to save the life of RAFAEL LAUREANO SR.

43.     Upon information and belief by reason of said shooting RAFAEL LAUREANO SR., in the time prior to his death, was caused to suffer severe physical injuries, pain and suffering, emotional and psychological distress and horror.

44.     The actions of JOHN AND JANE DOES, unknown police officers and or detectives, were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondeat superior.

II.  COVER UP OF THE DEATH OF RAFAEL LAUREANO SR.

45.     JOHN AND JANE DOES, unknown police officers and or detectives, of the NEW YORK CITY POLICE DEPARTMENT, who were in the apartment with RAFAEL LAUREANO SR. at the time of his shooting knew or had reason to know that LAUREANO SR. was not stabbed by Francisco Carvajal but in fact was shot by one of the police bullets they fired.

46.     DET LOUIS YERO, was the assigned homicide detective to the LAUREANO case. It is the protocol of the assigned homicide detective to find out the cause and manner of death of the decedent. The assigned homicide detective must also inform police officer(s) preparing official police reports concerning the homicide they are investigating about the cause and manner of the death of the decedent.

47.     DET. LOUIS YERO, knew or should have known that RAFAEL LAUREANO SR. died of a gunshot wound not a knife wound. If DET. LOUIS YERO spoke to anyone on the medical staff attending to RAFAEL LAUREANO SR. (as he was supposed to do) they would have told him that LAUREANO SR. died of a gunshot wound not a knife injury.

48.     On or around September 29, 2014, at Maimonides Hospital, sometime after RAFAEL LAUREANO SR. was pronounced dead, DET. LOUIS YERO told RAFAEL LAUREANO JR. that his father was killed because of knife wounds suffered at the hands of Francisco Carvajal.

49.     NYPD Police Complaint Report 2014-070-07597 was prepared in connection with the death of RAFAEL LAUREANO SR. which stated in sum and substance that RAFAEL LAUREANO SR. was stabbed by Francisco Carvajal with a knife in the torso, and that he succumbed to this injury---clearly the substance of this report was not true and conflicted with

8

the information possessed by DET LOUIS YERO and the JOHN AND JANE DOES, unknown police officers and or detectives, who were in Ms. Russo's apartment and at the scene of the shooting.   See EXHIBIT A: POLICE COMPLAINT REPORT.

50.     According to the LAUREANO Police Complaint Report (EXHIBIT A), POLICE OFFICER ERIN FRAWLEY was the investigating officer for the aforesaid shooting who helped prepare the report.  See EXHIBIT A:  POLICE COMPLAINT REPORT.

51.     According to the LAUREANO Police Complaint Report SGT. JOHN HENDERSON and SGT. CHISHOLM were listed as supervisors that were signing off on the LAUREANO police report.  See EXHIBIT A: POLICE COMPLAINT REPORT.

52.     According to LAUREANO Police Complaint Report, SGT. GOLDEN, was one of the first supervisors on scene at 820 Ocean Parkway, Brooklyn, NY while the aforementioned LAUREANO SR. shooting was transpiring.  See EXHIBIT A: COMPLAINT REPORT.

53.     Upon information and belief, DET. LOUIS YERO, POLICE OFFICER ERIN FRAWLEY, SGT JOHN HENDERSON, SGT. GOLDEN, SGT. CHISHOLM, and JOHN AND JANE DOES, unknown police officers and or detectives, knew or should have known that RAFAEL LAUREANO, SR. died of a police bullet and not stab wounds, yet these individuals conspired to prepare the false LAUREANO complaint report.

54.     Upon information and belief, POLICE OFFICER ERIN FRAWLEY, SGT JOHN HENDERSON, SGT. GOLDEN, SGT. CHISHOLM, DET. LOUIS YERO and other JOHN AND JANE DOES, unknown police officers and or detectives, of the NEW YORK CITY POLICE DEPARTMENT, conspired to lie, mislead and misrepresent to the family members of RAFAEL LAUREANO SR. about the manner and circumstances surrounding RAFAEL LAUREANO SR.'s death in order to mislead the family into believing that RAFAEL LAUREANO SR. was

killed by someone other than a New York City Police Officer.

55.     On or about September 30, 2014, there were published media reports, citing anonymous law enforcement sources stating RAFAEL LAUREANO SR. had died because of knife wounds suffered at the hands of perpetrator Francisco Carvajal.

56.     On or about October 1, 2014, the Office of the Chief Medical Examiner concluded that RAFAEL LAUREANO SR. had not sustained any stab wounds but instead that he died as a direct result of one gunshot wound to *his back*.

57.     JOHN and JANE DOES, unknown police officers and detectives, were the only individuals firing weapons inside of Ms. Russo's apartment on September 29, 2014. Therefore a New York City Police Department officer (employee) fired the fatal shot that killed RAFAEL LAUREANO SR.

58.     On or about October 1, 2014, Deputy Commissioner Stephen Davis, NYPD's spokesman unequivocally admitted that RAFAEL LAUREANO SR. "was inadvertently shot by a police bullet." Davis further stated, "It was very close quarters, Carvajal was coming at the officers with a knife and they had to fire." Mr. Davis admitted three officers (JOHN AND JANE DOES) fired more than a dozen times, hitting both men.  See EXHIBIT B: J. David Goodman, *Officers Fatally Shot Man Who Intervened in a Fight*, New York Times, October 2, 2014, at A29.

59.     Upon information and belief, the firing of a dozen shots in Ms. Russo's close and confined New York City apartment was excessive and violated not only NYPD protocol but also commonly accepted law enforcement practices in the use of deadly force.

60.     Specifically, in shooting and killing RAFAEL LAUREANO SR., JOHN AND JANE DOE officers' violated New York City Police Department Procedure No. 203-12, entitled

"Deadly Physical Force," which sets forth the guidelines for the use of firearms. The relevant guidelines state that:

> a. Police officers shall not use deadly physical force against another person unless they have probable cause to believe that they must protect themselves or another person present from imminent death or serious physical injury.
> b. Police officers shall not discharge their weapons when doing so will unnecessarily endanger innocent persons.

## FIRST CAUSE OF ACTION: EXCESSIVE FORCE
### (UNDER THE FOURTH AND FOURTEENTH AMMENDMENTS OF THE CONSTITUTION AND 42 U.S.C. § 1983)

61.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

62.     That at all times hereinafter mentioned, defendants JOHN AND JANE DOES (unknown police officers and or detectives), engaged in the actions and conduct alleged herein during their official capacity as New York City Police Officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

63.     The conduct and actions of Defendants JOHN AND JANE DOES, unknown officers and detectives,  acting in concert and under color of law, in authorizing, directing and/or shooting RAFAEL LAUREANO SR., was done intentionally, willfully, maliciously, negligently, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious conscious physical and emotional pain and suffering, in violation of decedent Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and the right to be free from the use of excessive, unreasonable,  and unjustified  force.

64. As a direct and proximate result of being shot RAFAEL LAUREANO SR. was subjected to conscious pain and suffering, and eventually succumbed to his injuries, losing his right to liberty and the most precious right of all, his right to life.

65. By virtue of the foregoing, Plaintiff hereby claims damages against Defendants JOHN AND JANE DOES, unknown officers and detectives, THE CITY OF NEW YORK on behalf of RAFAEL LAUREANO SR.'s Estate in an amount to be determined at trial.

**SECOND CAUSE OF ACTION: EXCESSIVE DEADLY FORCE**
**(UNDER THE FOURTH AND FOURTEENTH AMMENDMENTS OF THE**
**CONSTITUTION AND 42 U.S.C. § 1983)**

66. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

67. Defendants JOHN AND JANE DOES, unknown officers and detectives, were acting under the color and authority of State law, and in shooting RAFAEL LAUREANO SR., served to deprive RAFAEL LAUREANO SR., of his rights as guaranteed under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and his most fundamental right; his right to life.

68. DEFENDANTS JOHN AND JANE DOES, unknown officers and detectives, had no right to use Deadly force against RAFAEL LAUREANO SR.

69. On September 29, 2014, RAFAEL LAUREANO SR. was not an immediate threat of serious physical harm to any of the Defendants.

70. The use of deadly force was not used to prevent RAFAEL LAUREANO SR.'s escape and upon information and belief no warnings were ever given to RAFAEL LAUREANO

12

SR. to stop engaging in any behavior that could have led to his death.

71.     The use of Deadly force against RAFAEL LAUREANO SR. was unreasonable given the totality of the circumstances facing the defendant JOHN AND JANE DOE officers at the time of the aforementioned incident.

72.     By virtue of the foregoing, Plaintiffs hereby claim damages against Defendants JOHN AND JANE DOES, unknown officers and detectives, THE CITY OF NEW YORK on behalf of RAFAEL LAUREANO SR.'s estate in an amount to be determined at trial.

### THIRD CAUSE OF ACTION: DENIAL OF MEDICAL CARE
### (DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT
### AND 42 U.S.C. §1983)

73.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

74.     JOHN AND JANE DOES, unknown officers and detectives, shot RAFAEL LAUREANO SR., and knew the likelihood of his death if they didn't seek prompt medical attention.

75.     By virtue of their actions, JOHN AND JANE DOES, unknown officers and detectives, including supervisor SGT. GOLDEN had an affirmative duty to call medical attention for RAFAEL LAUREANO, SR. and failed to do so and/or failed to do so in a timely manner.

76.     The conduct and actions of Defendants JOHN AND JANE DOES, unknown officers and detectives, who were acting under color of law, in failing to request or obtain medical attention for RAFAEL LAUREANO SR., was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause serious conscious physical

13

and emotional pain and suffering and eventually death in violation of RAFAEL LAUREANO SR.'s substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

77.     As a direct and proximate result of the foregoing, decedent Plaintiff was subjected to conscious pain and suffering, and eventually succumbed to his injuries, losing his rights to liberty and life.

78.     By virtue of the foregoing, Plaintiffs hereby claims damages against Defendants JOHN AND JANE DOES, unknown officers and detectives, including supervisor SGT. GOLDEN & THE CITY OF NEW YORK on behalf of RAFAEL LAUREANO SR.'s estate in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY

79.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

80.     By the conduct and actions described above, Defendants JOHN AND JANE DOES, unknown police officers and or detective employees of the NYPD inflicted the torts of assault and battery upon RAFAEL LAUREANO SR. by shooting him.

81.     The intentional shooting of RAFAEL LAUREANO SR. by Defendants JOHN AND JANE DOES, unknown police officers and or detectives, constituted an assault upon decedent Plaintiff and JOHN AND JANE DOES acts represented a grievous affront to RAFAEL LAUREANO SR.

82.     The intentional shooting of RAFAEL LAUREANO SR. by Defendants JOHN AND JANE DOES, unknown police officers and or detectives, constituted a battery upon

decedent Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

83.    The actions of Defendants JOHN AND JANE DOES, unknown police officers and or detectives, were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant JOHN AND JANE DOES knew, their actions were without consent.

84.    The injuries sustained by RAFAEL LAUREANO SR. were caused wholly and solely by reason of the conduct described, and decedent Plaintiff did not contribute thereto.

85.    By reason of said assault and battery, RAFAEL LAUREANO SR. was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

86.    By reason of the foregoing, the Plaintiff, RAFAEL LAUREANO JR., as the administrator of the estate of RAFAEL LAUREANO SR., demands judgment for assault and battery against defendants JOHN AND JANE DOES, unknown officers and detectives, & THE CITY OF NEW YORK in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION: CONCIOUS PAIN AND SUFFERING

87.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

88.    JOHN AND JANE DOES, unknown officers and or detectives, unjustifiable shooting of RAFAEL LAUREANO did not immediately cause RAFAEL LAUREANO'S SR.'s death and as a result, he suffered and experienced a fear of impending death, severe emotional distress, and conscious pain and suffering.

89.    The Defendant City is responsible for the actions of said JOHN AND JANE DOE

15

officers that were taken in the scope of their employment as police officers.

90.     By reason of the foregoing, the Plaintiff demands judgment for conscious pain and suffering against Defendants JOHN AND JANE DOES, unknown officers and detectives, & THE CITY OF NEW YORK, in an amount to be determined at trial.


## SIXTH CAUSE OF ACTION: WRONGFUL DEATH

91.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

92.     That on or around September 29, 2014, and at all times hereinafter mentioned and upon information and belief, the decedent plaintiff, RAFAEL LAUREANO SR. was lawfully at the aforesaid location when he was caused to be shot resulting in his death by JOHN AND JANE DOES, unknown police officers and or detectives, who were acting within their scope of employment with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

93.     That the shooting of the decedent plaintiff, RAFAEL LAUREANO SR. was without probable cause.

94.     The aforementioned shooting was performed knowingly, intentionally and willfully.

95.     The aforementioned shooting was performed negligently and recklessly.

96.     The aforementioned shooting was performed without reason or provocation.

97.     The aforementioned shooting violated NYPD protocol but also commonly accepted law enforcement practices.

98.     Had RAFAEL LAUREANO SR. survived he would have been able to sue the

NEW YORK CITY POLICE DEPARTMENT for civil rights violations, negligence, assault, battery, and intentional inflection of emotional distress.

99.    RAFAEL LAUREANO SR. is survived by four children or distributees, including RAFAEL LAUREANO JR., the biological son of the decedent.

100.    RAFAEL LAUREANO SR. was providing financial support for some and or all of his children, and these distributees have suffered pecuniary loss in that they are no longer receiving income from their father as a result of his death.

101.    On January 14, 2015, RAFAEL LAUREANO JR. was appointed administrator with limited letters of administration for his father's estate, and is bringing this lawsuit on behalf of himself and his father RAFAEL LAUREANO SR.

102.    By reason of the foregoing, the Plaintiff RAFAEL LAUREANO JR., as the proposed administrator of the Estate of RAFAEL LAUREANO SR., demands judgment for wrongful death against the defendants, THE CITY OF NEW YORK, and JOHN AND JANE DOES, unknown police officers and or detective employees, of the New York City Police Department, in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION: NEGLIGENCE

103.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

104.    As a result of the aforesaid activities of September 29, 2014, JOHN AND JANE DOES, unknown police officers and or detectives, who were acting within their scope of employment with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY

POLICE DEPARTMENT, owed a duty to RAFAEL LAUREANO SR., to protect him from danger.

107.    Defendants, JOHN AND JANE DOES, unknown police officers and or detectives, breached their duty to protect RAFAEL LAUREANO SR. by allowing RAFAEL LAUREANO SR.  to enter Ms. Russo's apartment and also breached their duty to protect him by intentionally, knowingly, recklessly, carelessly and or negligently, shooting RAFAEL LAUREANO SR. in the back, which ultimately caused his death.

106.    Defendants, JOHN AND JANE DOES, unknown police officers and or detectives, by breach of their duty to protect RAFAEL LAUREANO SR. were the proximate cause of RAFAEL LAUREANO SR.'s death.

107.    Upon information and belief, rather than enlist RAFAEL LAUREANO SR. for assistance, Defendants JOHN AND JANE DOES, should have either: used a police battering ram, and/or called the Emergency Services Unit, and/or called other fellow officers for help in either breaking down Ms. Russo's door, or securing the location to prevent bystanders such as RAFAEL LAUREANO SR. from entering an active crime scene.

108.    RAFAEL LAUREANO SR.'s death resulted from negligence, including but not limited to, negligence in training, hiring, supervision and retention of the police officers/detectives involved in this incident; in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of deadly lethal force causing the serious injuries both physical and emotional resulting in death, and further, deprived plaintiff's and decedent's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar

18

circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; failing to properly investigate their background; in failing to train and instruct police officers/detectives; in failing to give police officers/detectives proper instructions on the use of force, use of firearms including proper discharge of said weapons, use of firearms when other officers are also discharging their weapons, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives in the field, including the police officers/detectives as well as in the staffing; in failing to properly have a tactical plan in place so as to not put the decedent plaintiff RAFAEL LAUREANO SR. at risk which allowed the shooting of said decedent plaintiff which resulted in his death.

109.    As the result of said negligence, the decedent plaintiff, RAFAEL LAUREANO SR. was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

110.    By reason of the foregoing, the Plaintiff, RAFAEL LAUREANO JR., as the proposed administrator of the estate of RAFAEL LAUREANO SR., demands judgment for negligence against the defendants, THE CITY OF NEW YORK,  and JOHN AND JANE DOES, unknown police officers and or detectives of the New York City Police Department, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION**

111.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

112.    Defendants did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent

in the hiring, training and retention of JOHN AND JANE DOES, unknown police officers and or detectives, who assaulted, battered and improperly fired a weapon on RAFAEL LAUREANO SR.

113.    That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the JOHN AND JANE DOES, unknown police officers and or detectives, and other named defendants but continued to employ them and allowed them to be in contact with the public at large.

114.    By reason of the foregoing, the Plaintiff, RAFAEL LAUREANO JR., as the proposed administrator of the estate of RAFAEL LAUREANO SR., demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK, in an amount to be determined at trial.

## NINTH CAUSE OF ACTION: MUNICIPAL LIABILITY

115.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

116.    The shooting of RAFAEL LAUREANO SR. by Defendants JOHN AND JANE DOES, unknown police officers and or detectives, alleged herein occurred during the course and scope of defendants duties and functions as a New York City police officers, and while defendants were acting as an agent, officer, servant and employee of the NYPD which is a police force maintained by THE CITY OF NEW YORK.  As a result, THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior, in an amount which will be determined at trial.

## PUNITIVE DAMAGES

117.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

118.    The acts of the individual defendants were willful, wanton, malicious, and oppressive. Such acts therefore warrant an award of Punitive Damages

**WHEREFORE**, plaintiff, RAFAEL LAUREANO JR., as administrator of the estate of RAFAEL LAUREANO SR., demands the following relief jointly and severally against all of the Defendants:

a.      Compensatory damages in the amount to be determined by a jury;

b.      The convening and empaneling of a jury to consider the merits of the claims herein;

c.      Punitive damages in an amount to be determined by a jury;

d.      Costs and interest and attorney's fees pursuant to 42 U.S.C. § 1988;

e.      Such other and further relief as this Court may deem just and proper.

DATED:  New York, New York
        September 14, 2015

Yours truly,

__/s/ *Abe George*_____
Abe George, Esq.
Attorney for Plaintiff
RAFAEL LAUREANO JR., as
Administrator of the Estate
of RAFAEL LAUREANO SR., and
RAFAEL LAUREANO JR., individually
44 Wall Street, 2nd Floor
New York, N.Y. 10005
212-498-9803
abe@abegeorge.lawyer